**This order is SIGNED.**





**Dated: December 26, 2017** _____

**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**

Duane H. Gillman (#1194)
dgillman@djplaw.com
Penrod W. Keith (#6890)
pkeith@djplaw.com
**DURHAM JONES & PINEGAR**
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, Utah 84110
Telephone: (801) 415-3000
        Attorneys for Chapter 7 Trustee

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>TWIN PEAKS FINANCIAL SERVICES, INC<br>aka KENNETH C. TEBBS *aka* MNK<br>INVESTMENTS, INC., AND MNK<br>INVESTMENTS,<br><br>　　　　　　　　Debtors. | Bankruptcy Case Number<br><br>07-25399 RKM<br><br>[Chapter 7] |

### ORDER AUTHORIZING AUCTION OF JUDGMENTS AND AUCTION PROCEDURES
### OR IN THE ALTERNATIVE THE RIGHT TO ABANDON SUCH JUDGMENTS

Duane H. Gillman, the trustee of the above-referenced estate (the "Trustee"), by and

through counsel, filed *Motion for Order Authorizing Auction of Judgments and Auction*

*Procedures or in the Alternative the Right to Abandon Such Judgments* (the "Motion") and the

*Notice of Motion for Order Authorizing Auction of Judgments and Auction Procedures or in the*

*Alternative the Right to Abandon Such Judgments and Notice of Opportunity for Hearing* (the

"Notice") on November 16, 2017, and the *Addendum to Motion for Order Authorizing Auction of*

*Judgments and Auction Procedures or in the Alternative the Right to Abandon Such Judgment*

(the "Addendum") on December 12, 2017.  The Notice set a deadline of December 11, 2017, for

objections and was sent to all registered CM/ECF users in this case and mailed to all other parties

appearing on the mailing matrix as well as other potential parties in interest;  however, no

objection was filed in the allowed time and therefore no hearing is necessary.  Based thereon, it is

hereby

   **ORDERED** that the Trustee is authorized to auction or abandon the judgments described

in, and pursuant to the terms and conditions described in the Motion, Notice, and Addendum,

copies of which are attached hereto as **EXHIBITS 1, 2, and 3** (without certificates of service).

**\*\*\*\*END OF DOCUMENT\*\*\*\***

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **ORDER AUTHORIZING AUCTION OF JUDGMENTS AND AUCTION PROCEDURES OR IN THE ALTERNATIVE THE RIGHT TO ABANDON SUCH JUDGMENTS** shall be served to the parties and in the manner designated below:

**By Electronic Service:**  I certify that the parties of record in this case as identified below, are registered CM/ECF users.

- Gregory J. Adams    gadams@mbt-law.com
- James W. Anderson    jwa@clydesnow.com, aperdue@clydesnow.com
- Troy J. Aramburu    taramburu@swlaw.com, rmaxwell@swlaw.com;docket_slc@swlaw.com
- Roger William Bailey    roger-bailey@rbmn.com
- Brian R. Barnhill    brian@oblawpc.com
- Marlon L. Bates    marlon@scalleyreading.net, trina@scalleyreading.net
- Peter W. Billings    pbillings@fabianlaw.com, cmurdock@fabianlaw.com;mbeck@fabianlaw.com
- Jason D. Boren    borenj@ballardspahr.com, brownld@ballardspahr.com, saltlakedocketclerk@ballardspahr.com
- Tatyana S. Boswell    tat@sevierlegal.com
- Drew Briney    drewbriney@gmail.com, brineylaw@gmail.com
- Paul P. Burghardt    paulb@mountaincrane.com
- Paul P. Burghardt    paul-burghardt@rbmn.com
- Mona Lyman Burton    mburton@hollandhart.com, ckelly@hollandhart.com; intaketeam@hollandhart.com; slclitdocket@hollandhart.com
- Kenneth L. Cannon    kcannon@djplaw.com, khughes@djplaw.com
- Craig Carlile    ccarlile@rqn.com, rbartholomew@rqn.com
- Laurie A. Cayton tr    laurie.cayton@usdoj.gov, James.Gee@usdoj.gov; Lindsey.Huston@usdoj.gov; Suzanne.Verhaal@usdoj.gov
- D. Blair Clark    dbc@dbclarklaw.com
- Derek A. Coulter    derek@dac-law.com, derekcoulter@yahoo.com; robert@dac-law.com; leslie@dac-law.com; alicia@dac-law.com
- Joseph M.R. Covey    calendar@parrbrown.com
- P. Matthew Cox    bankruptcy_pmc@scmlaw.com
- LeGrand R. Curtis    lcurtis@mc2b.com
- Melyssa D. Davidson    melyssa@morrissperry.com
- Burton G Davis    bdavis@djplaw.com
- Ian Davis    idavis@djplaw.com
- Anna W. Drake    annadrake@att.net
- James T. Dunn    jamesdunnlaw@earthlink.net, jtdatty@earthlink.net
- Dianna M. Gibson    ecf@parsonsbehle.com
- Duane H. Gillman    dhgnotice@djplaw.com
- Duane H. Gillman tr    dhgnotice@djplaw.com, ut02@ecfcbis.com
- Paul M. Halliday    bkdocs@halliday-watkins.com
- Clint E. Hendricks    clint@utleyandwhite.com
- George B. Hofmann    gbh@pkhlawyers.com, dh@pkhlawyers.com;jt@pkhlawyers.com
- Vernon L. Hopkinson    vern@crslaw.com
- Miles P. Jensen    mpj@oh-pc.com

- Michael R. Johnson    mjohnson@rqn.com, dburton@rqn.com;docket@rqn.com
- Patrick E Johnson    pjohnson@djplaw.com, vworrall@djplaw.com
- Jenny T. Jones    jjones@fwandj.com, jjones10430@gmail.com
- Gary E. Jubber    gjubber@fabianlaw.com, mparks@fabianlaw.com;hmcewen@fabianlaw.com
- Penrod W. Keith    pkeith@djplaw.com, khughes@djplaw.com
- Robert B. Lochhead    rlochhead@parrbrown.com, calendar@parrbrown.com
- Elizabeth R. Loveridge tr    eloveridge@wklawpc.com, rchristensen@wklawpc.com;
  eloveridge@ecf.epiqsystems.com
- Adelaide Maudsley    maudsley@chapman.com
- David E. McAllister    ecfutb@piteduncan.com, dem@ecf.inforuptcy.com
- Jason A. McNeill    mcneill@mgpclaw.com, layton@mgpclaw.com
- Gil A. Miller    gmiller@rockymountainadvisory.com, jcurtis@rockymountainadvisory.com
- J. David Milliner    jdmilliner@att.net
- Roy B. Moore    rmoore@rbmoorelaw.com
- John T. Morgan tr    john.t.morgan@usdoj.gov, James.Gee@usdoj.gov; Lindsey.Huston@usdoj.gov;
  Suzanne.Verhaal@usdoj.gov
- William P. Morrison    willmorrison01@gmail.com
- David A. Nill    dnill@wklawpc.com, rchristensen@wklawpc.com;kmacrae@wklawpc.com
- Sherilyn A. Olsen    solsen@hollandhart.com, slclitdocket@hollandhart.com;
  intaketeam@hollandhart.com; ckelly@hollandhart.com
- Z Ryan Pahnke    rpahnke@djplaw.com
- Bryce D. Panzer    bpanzer@blackburn-stoll.com
- Douglas J. Payne    dpayne@fabianlaw.com, hmcewen@fabianlaw.com;smcnett@fabianlaw.com
- Jessica G Peterson    jpeterson@djplaw.com, khughes@djplaw.com
- J. D. Poorman    jdpoormanatty@aol.com
- George W. Pratt    gpratt@joneswaldo.com
- Vincent C. Rampton    vrampton@joneswaldo.com, jmonet@joneswaldo.com
- Brady L. Rasmussen    bras@rbmoorelaw.com
- Michael D. Roberts    mroberts@mrobertslaw.com
- Jerome Romero    jromero@joneswaldo.com, bparry@joneswaldo.com
- Lee Rudd    leerudd@ruddlaw.com, G5697@notify.cincompass.com
- Chris L. Schmutz    chrisschmutz.pc@gmail.com, hillaryschmutz@yahoo.com
- Phillip B. Shell    phil@dslaw.com
- Jeffrey Weston Shields    jshields@joneswaldo.com, lgonzales@joneswaldo.com;docket_slc@swlaw.com
- Eric C. Singleton    eric@thealtalawgroup.com, lesli@thesingletongroup.com;
  colette@thesingletongroup.com; singletonecf@gmail.com; lacey@thesingletongroup.com
- Jeremy C. Sink    jsink@mbt-law.com
- John P. Snow    jsnow@parrbrown.com, calendar@parrbrown.com
- Thomas E. Stamos    teslawyer@gmail.com
- Stephen G. Stoker    sgstoker@stokerswinton.com, sgstokerlc@gmail.com
- Gerald H. Suniville    gsuniville@vancott.com, docketing@vancott.com
- Mark S. Swan    mark@swanlaw.net
- Robert T. Tateoka    robert@dac-law.com, alicia@dac-law.com
- Richard C. Terry    richard@tjblawyers.com, cbcecf@yahoo.com
- Benjamin P. Thomas    bthomas@strongandhanni.com, cbecerra@strongandhanni.com
- Michael F. Thomson    thomson.michael@dorsey.com, montoya.michelle@dorsey.com;
  ventrello.ashley@dorsey.com
- Daniel J. Torkelson    dan@crslaw.com
- Steven C. Tycksen    steve@tyshlaw.com, alicia@tyshlaw.com; jacki@tyshlaw.com

- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov
- Paul D. Veasy    pveasy@parsonsbehle.com
- Tracy A. Wilder    tracy@osnlaw.com, secretary@osnlaw.com
- Kent O. Willis    dianneo@utahcounty.gov
- Brent D. Wride    bwride@rqn.com, docket@rqn.com;pbrown@rqn.com

**By U.S. Mail** - In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R. Civ. P. 5(b).

    None

                     */s/ Angie Stettler* _____
                     An Employee of Durham Jones & Pinegar

# EXHIBIT 1

Duane H. Gillman #1194
dgillman@djplaw.com
Penrod W. Keith #6890
pkeith@djplaw.com
**DURHAM JONES & PINEGAR, P.C.**
111 South Main Street, Suite 2400
PO Box 4050
Salt Lake City, UT 84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
   Attorneys for Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>TWIN PEAKS FINANCIAL SERVICES, INC aka KENNETH C. TEBBS *aka* MNK INVESTMENTS, INC., AND MNK INVESTMENTS,<br><br>    Debtors. | Bankruptcy Case No.<br>07-25399 RKM<br>07-25401 RKM<br>(Substantively Consolidated as 07-25399)<br><br>(Chapter 7 converted from Chapter 11) |

## MOTION FOR ORDER AUTHORIZING AUCTION OF JUDGMENTS AND AUCTION PROCEDURES OR IN THE ALTERNATIVE THE RIGHT TO ABANDON SUCH JUDGMENTS

   Duane H. Gillman, the Chapter 7 trustee of the consolidated estate of the above named

Debtors ("Trustee"), by and through counsel, hereby moves the court for an order approving the

auction procedures and authorizing the auction of the judgments described with particularity on

**Exhibit A** hereto (collectively, the "Judgments") included in the bankruptcy estate.

   The Trustee makes this Motion on behalf of the Debtors' estate pursuant to Bankruptcy

Code Section 363 and Federal Rules of Bankruptcy Procedure 2002 and 6004.  The proposed

sales of the Judgments shall be free and clear of interests (including liens, taxes, claims, or

encumbrances) with valid liens and/or interests with such liens and interests attaching to the sale

proceeds (with the same validity and priority, if any, they had on the petition date in this case),

pursuant to Section 363(f), in accordance with the procedures set forth below.

## GENERAL BACKGROUND

1.    <u>The Judgments to be Auctioned or Abandoned</u>.  As part of the Trustee's ongoing

prosecution of lawsuits in connection with this case, the Trustee has obtained certain judgments

against various entities including the Judgments set forth on **Exhibit A**.  In essence, as part of the

Trustee's statutory charge to liquidate the assets of this estate, the Trustee has prosecuted

fraudulent transfer complaints, largely under a Ponzi Scheme theory, against a variety of persons

who the Trustee alleges unduly benefitted from the Ponzi Scheme conducted by the Debtors.

2.    <u>Trustee's Actions with Respect to the Judgments</u>.  Since obtaining the Judgments,

the Trustee has investigated the collectability of the Judgments by conducting asset searches of

the judgment debtors.  After analyzing the asset search results and, in some cases, conducting

further research through orders in supplemental proceedings, the Trustee has determined that it

would not be worthwhile to expend further trust assets to pursue collection of the Judgments and

that it would be more efficient financially to attempt to auction the Judgments to entities with

potentially more specialized knowledge in collecting judgments.

## FACTS AND ARGUMENT RELEVANT TO SALE AND
## AUCTION OF THE JUDGMENTS

3.    <u>Marketing and Proposed Sale Procedures</u>.  The Trustee has mailed or will mail

copies of this Motion and of the notice of the Motion ("Sale Notice") to the Debtors, the United

States Trustee, and all parties in interest who have filed a notice of appearance and other entities

affected by this Motion and other parties as ordered by the Court pursuant to Fed. R. Bank. P.

2002, 6004 and 9006 and applicable local rules including parties who have previously shown

interest in purchasing property from the Debtors.  The Sale Notice contains additional terms and

conditions of the auction, if any, to be conducted by the Trustee.  In addition, if granted

permission to auction the Judgments, the Trustee will send information on the Judgments to

various local collection agencies to gauge their interest in obtaining the Judgments.

  4.  <u>Property to be Auctioned</u>.  Subject to Court approval, the Trustee requests that the

Judgments be subject to auction and highest bid under procedure entirely within the discretion of

the Trustee and subject to the Trustee's further marketing efforts of the Judgments.

  5.  <u>Bidding Procedures and Condition, Overbid and Bid Increments</u>. The bidding

procedures and conditions that apply to the auction and sale of the Judgments will be determined

in the future by the Trustee depending on the level of interest the Trustee is able to elicit.  In the

event there is more than one bidder for the Judgments, the Trustee may conduct an open auction.

Regardless of the procedure eventually opted for by the Trustee, the following shall be

applicable to the auction of the Judgments:

  (a)  All of the auctioned property is being auctioned as is, where is, and with

no warranties or guarantees of any kind.  The Trustee believes that none of the Judgments are

subject to any lien.

  (b)  The Trustee shall file with the court a report on the purchaser and purchase

price to the extent he is able to auction such judgments.

  (c)  The Purchase price shall be the highest and best offer, in the Trustee's

discretion, obtained through the auction process.

  (d)  The Trustee may sell the Judgments in one lot or individually as he deems

appropriate in maximizing the purchase price.

(e)    The Trustee intends to attempt to market the Judgments for 60 days at the

minimum after which time the Trustee may abandon the Judgments as set forth below.

## PROVISIONS APPLICABLE TO ORDER ON SALE AND AUCTION

6.    Proposed Disposition of Sale Proceeds.  The Trustee intends to deposit the

proceeds from the auctions into his Trust account and distribute them pursuant to the dictates of

the Bankruptcy Code and the Court.

7.    Applicable Law on Sale.  Bankruptcy Code Section 363(f) permits the Trustee to

sell the estate's interest in the Business Records and Personal Property free and clear of interests,

with liens to attach to the proceeds with the same validity and priority, if any, they had on the

petition date.  Section 363(f) provides:

> The trustee may sell property under subsection (b) or (c) of
> this section free and clear of any interest in such property of an
> entity other than the estate, only if—
>
> (1)    applicable nonbankruptcy law permits sale of such
> property free and clear of such interest;
>
> (2)    such entity consents;
>
> (3)    such interest is a lien and the price at which such
> property is to be sold is greater than the aggregate value of all liens
> on such property;
>
> (4)    such interest is in bona fide dispute; or
>
> (5)    such entity could be compelled, in a legal or
> equitable proceeding, to accept a money satisfaction of such
> interest.

11 U.S.C. § 363(f).  The Trustee has identified no liens on any of the property to be auctioned.

## ABANDONMENT OF REMAINING JUDGMENTS

8.      To the extent Trustee receives no bid on some or all of the Judgments, the Trustee requests that the Court allow the abandonment of those Judgments which are not disposed of through the auction process set forth above.  The Trustee believes that such non-selling Judgments should be considered burdensome and of inconsequential value.

9.      The Trustee requests that the abandonment of the Judgments be accomplished through a notice filed by the Trustee identifying the Judgments to be abandoned.  In the event such a notice is filed, the Trustee requests that the abandonment be deemed complete and final with no further notice or hearing required.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests that this Court enter an Order: authorizing the auction and sale of the Judgments and auction as set forth herein above and in the Notice, free and clear of interests as provided in Bankruptcy Code section 363(f) with valid liens and/or interests to attach to the sale proceeds (with the same validity and priority, if any, they had on the petition date in this case) (2) approving the sale of the Judgments through auction by the Trustee, (3) allowing the abandonment of any Judgments which are not sold at auction subject to the provisions set forth above and (4) such further and additional relief as the Court deems appropriate.

DATED this 16th day of November, 2017

/s/ Penrod W. Keith
Penrod W. Keith
**DURHAM JONES & PINEGAR, P.C.**
Attorneys for Trustee

| Adv. No. | Defendant Name | Judgment Granted | Amount |
|---|---|---|---|
| 09-02643 | Eclipse Asset Consulting, LLC | 10/27/2011 | $ 32,312.50 |
| 09-02650 | Edwards, Jennifer | 12/7/2010 | $ 5,000.00 |
| 09-02571 | HT Construction, Inc. | 6/8/2010 | $ 444,509.58 |
| 09-02660 | Mascaro-Waters, Jennifer | 7/16/2010 | $ 6,500.00 |
| 09-02596 | McDonald, Gary | 11/17/2010 | $ 40,180.00 |
| CA Court | Nissen, Alan | 2/7/2012 | $ 439,100.00 |
| 09-02704 | Sandmire, James | 6/8/2010 | $ 46,380.00 |
| 09-02714 | Taylor, Curtis & Milam, Netany | 6/27/2013 | $ 36,800.00 |
| 09-02723 | Tebbs, C. Ryan | 6/17/2010 | $ 34,000.00 |
| 09-02716 | Tebbs, Nate | 12/12/2011 | $ 17,200.00 |

# EXHIBIT A

# EXHIBIT 2

Duane H. Gillman #1194
dgillman@djplaw.com
Penrod W. Keith #6890
pkeith@djplaw.com
**DURHAM JONES & PINEGAR, P.C.**
111 South Main Street, Suite 2400
P O Box 4050
Salt Lake City, UT 84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
  Attorneys for Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>TWIN PEAKS FINANCIAL SERVICES, INC<br>aka KENNETH C. TEBBS *aka* MNK<br>INVESTMENTS, INC., AND MNK<br>INVESTMENTS,<br><br>     Debtors. | Bankruptcy Case Number<br>07-25399 RKM<br>[Chapter 7] |

**NOTICE OF MOTION FOR ORDER AUTHORIZING AUCTION OF JUDGMENTS
AND AUCTION PROCEDURES OR IN THE ALTERNATIVE THE RIGHT TO
ABANDON SUCH JUDGMENTS AND NOTICE OF OPPORTUNITY FOR HEARING**

**Objection Deadline: December 11, 2017
Hearing Date and Time: December 20, 2017 at 10:30 a.m.**

  **NOTICE** is hereby given pursuant to Fed. R. Bank. P. 6004, 2002(a)(2), 2002(c)(1), and

2002(k) and Local Rule 2002-1 that Duane H. Gillman, the Chapter 7 trustee of the consolidated

estate of the above named Debtors ("Trustee"), by and through counsel, intends, in the absence

of valid objections, to auction the Judgments, which term is defined and more specifically

described in the Motion (as that term is defined below), which are included in the bankruptcy

estate of the above-named Debtors, free and clear of interests (including liens, taxes, claims,

charges or encumbrances) with valid liens and/or interests to attach to the sale proceeds (with the

same validity and priority, if any, they had on the petition date in this case), pursuant to 11

U.S.C. §363(f), in accordance with the procedures set forth below, to the highest bidder bidding

on such sale property at an auction to be held to be specified by the Trustee upon further notice

to interested parties.  The Trustee has filed his Motion for Order Authorizing Auction of

Judgments and Auction Procedures or in the Alternative the Right to Abandon Such Judgments

(the "Motion") related to this proposed sale.  Defined terms not specified herein are used with

meaning given those terms in the Motion.

**YOUR RIGHTS MAY BE AFFECTED.  You should read this notice carefully and**

**discuss it with your attorney, if you have one in this case.  (If you do not have an attorney,**

**you may wish to consult one.).**

## I.   DESCRIPTION OF THE JUDGMENTS AND CONTACT INFORMATION

1.   Judgments to be Sold.  A list of the Judgments is attached hereto as **Exhibit A**

(the "Judgments").  Copies of the Judgments are available from the Trustee.

2.   Questions.  Questions concerning the Judgments, the sale, or the auction and

requests for information should be directed in writing to the undersigned counsel for the Trustee

at (801) 415-3000.

## II.   PURCHASE PRICE

Purchase Price.  The purchase price ("Purchase Price") for the Judgments will be the

winning bid obtained at the auction to be held by the Trustee at the time and place to be

specified.

## III.   TERMS AND CONDITIONS OF SALE

1.   As Is/Where Is.  The Judgments are sold "as is," and "where is," with no

warranties, representations, or guarantees of any kind, with any and all warranties,

representations, and guarantees being expressly disclaimed.  Proposed bidders and purchasers

should complete whatever due diligence they desire to undertake prior to the commencement of
the auction. No additional time will be granted for the conduct of due diligence. By
participating in the auction, each participant will be deemed to acknowledge and represent:

(a)     That the value and collectability of the Judgments are not warranted by the
Trustee and that Trustee has not made any written or oral statements other than as set
forth in this Notice and in the Motion which accompanies this Notice;

(b)     That the participant has conducted such due diligence and investigation as
is satisfactory to such participant and has relied solely upon its own independent review
for any and all bids it makes;

(c)     That the participant is proceeding in good faith and without any unlawful
collusion with any other participant or potential participant; and

(d)     That if such participant becomes the winning bidder, (a) no additional time
will be granted for due diligence, review, investigation, appraisal, or evaluation, and
(b) no refunds will be made or available after closing in the event the Judgments are not
satisfactory to the purchaser for any reason whatsoever.

(e)     Free and Clear Sale. The Judgments are sold free and clear of any and all
liens and/or interests with valid liens and/or interests to attach to the sales proceeds.

(f)     Earnest Money. At the beginning of the auction, each party wishing to
participate will be required to register with the Trustee and place certified funds with the
Auctioneer in the amount of $500. All unsuccessful bidders will have such amount
returned to them immediately upon the conclusion of the auction. The deposit from the
winning bidder shall remain in the possession of the Debtors estate and shall be credited
against the Purchase Price with the balance of the Purchase Price due upon final court

approval at the subsequent hearing held before the bankruptcy court to approve the results of the auction. In the event the Court fails to approve the sale to the winning bidder, such bidder will be entitled to the immediate return of its earnest money deposit. In the event the winning bidder fails to close the purchase of the sale property at the Purchase Price, the earnest money deposit will be forfeited to the estate.

## IV.    TERMS AND CONDITIONS OF AUCTION

1.    <u>Auction Time and Place</u>.   The Auction is proposed to take place and at a location specified by the Trustee.

2.    <u>Auction Procedures</u>.   The following Auction Procedures are proposed to be approved by the Court.

    (a)    The Trustee will conduct the Auction at his sole discretion, subject to any order of the Court.

    (b)    The Trustee may auction the Judgments together or separately. The Trustee, at the time of the Auction, shall also explain any other procedures and rules pertaining to the auction.

    (c)    Prospective bidders must participate in the Auction in person, or by an authorized representative. To the extent allowed by the Trustee, bidders may also participate by telephone or internet. Arrangements should be made with the Auctioneer to participate by one of these methods.

    (d)    The bidding will be by open cry, i.e., each bid will be made verbally and each bidder present will know the bids of the other bidders.

    (e)    Bids must be in cash, in U.S. dollars; must represent a good faith, bona fide offer; must not be conditioned upon financing, due diligence, further investigation,

or internal or third party approval or ratification; and must remain irrevocable until the time of closing of the sale.

(f)     The Trustee will open the bidding, continue the bidding, and close the bidding until such time as the highest or otherwise best bid is determined.   By making an announcement at the Auction, the Trustee may, but shall not be required to, designate breaks.

(g)     Successful bidders may include the first, second, and third highest bidders at the Auction, with the second and third bidders bids continuing as back up bids until a prior bid is closed.  The earnest money deposit for the highest bidder will be paid immediately and shall be applied against the purchase of the sale property of refunded as set forth above and below.

(h)     The actual buyer of the Judgments is defined as the successful bidder who actually closes the sale as described below after court approval is obtained such bidder and the bid made by such bidder.

(i)     Closing includes payment of the balance due (balance due = total bid − buyer's earnest money) in full by the successful bidder in cash or certified funds ("Funding"), and execution of any documentation deemed necessary by the Trustee ("Settlement").

(j)     Funding must occur:  (a) if to the highest bidder, not later ten (10) calendar days after entry of the order authorizing the sale or (b) if to a backup bidder, within fifteen calendar (15) days after forfeiture of the prior bidder's earnest money deposit.

(k)     Sale terms shall be on those set forth in this notice and in the Sale Motion, including without limitation that sale shall be as is, where is, without representation or warranty or guaranty of any kind.

(l)     The Trustee reserves the right to accept or reject bids on any appropriate ground, including if the Trustee determines that a bid is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code or the terms set forth herein, or (c) contrary to the best interests of the bankruptcy estate.

(m)     The Judgments are to be sold free and clear of any interests (including liens, taxes, claims, charges or encumbrances) with valid liens and/or interests to attach to the sale proceeds (with the same validity and priority, if any, they had on the petition date in this case), pursuant to 11 U.S.C. § 363(f).

(n)     Bidders shall bear all of their own expenses and costs in connection with the auction and sale, may not deduct any such expenses or costs from any bid and, by participating in the Auction, agree not to assert any administrative claim against the bankruptcy estate for such expense or costs.  Any and all transfer, sales, or other similar taxes or fees to be paid in connection with the sale shall be paid by the successful bidder.

**V.     INTENDED DISTRIBUTION OF SALE/AUCTION PROCEEDS**

1.     In the event the intended sale/auction is approved and the Trustee is authorized to auction the Judgments and the sale from the auction closes, the Trustee shall deposit the proceeds from the auctions into his Trust account and distribute them pursuant to the dictates of the Bankruptcy Code and the Court.

## VI.    NOTICE OF HEARING AND OPPORTUNITY FOR OBJECTIONS

**PLEASE TAKE NOTICE** that the Trustee filed with the United States Bankruptcy

Court for the District of Utah his Motion.  The basis for said Motion is explained above.  The

Motion may be reviewed at the Office of the Clerk, Room 301, 350 South Main Street, Salt Lake

City, Utah, from 8:00 a.m. to 4:30 p.m. on weekdays, excluding holidays.  Copies of the Motion

may be obtained from the undersigned attorney upon payment of normal copy costs of $.15 per

page.

**NO HEARING WILL BE CONDUCTED ON THE MOTION UNLESS A**

**WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE COURT ON OR**

**BEFORE THE OBJECTION DEADLINE SET FORTH BELOW.**

If you do not want the Court to grant the relief sought in the Motion, or if you want the

Court to consider your views on the Motion then you or your attorney must:

(1) On or before **December 11, 2017** (**the "Objection Deadline"**), must file a

written objection specifically delineating the nature of your objection at:

> Clerk of the United States Bankruptcy Court
> 350 South Main Street, Room 301
> Salt Lake City, UT  84101

If you mail your objection to the Court for filing, you must mail it early enough so that

the Court will receive it on or before the Objection Deadline specified above.  You must

also serve a copy on the Movant's counsel at the address specified above.

(2)  Attend a hearing on **December 20, 2017, at 10:30 a.m.** in Courtroom 369,

United States Bankruptcy Court, 350 South Main Street, Salt Lake City, Utah.  **There**

**will be no further notice of the hearing and failure to attend the hearing will be**

**deemed a waiver of your objection.**

If you or your attorney do not take these steps, the Court may decide that you do not

oppose the relief sought in the Motion and may enter an order granting the relief requested in the

Motion.  In the absence of a timely filed objection, the undersigned counsel may and will ask the

Court to enter an order authorizing the Motion without hearing.

DATED this 16th day of November, 2017

> /s/ Penrod W. Keith
> Penrod W. Keith
> **DURHAM JONES & PINEGAR, P.C.**
> Attorneys for Trustee

| Adv. No. | Defendant Name | Judgment Granted | Amount |
|---|---|---|---|
| 09-02643 | Eclipse Asset Consulting, LLC | 10/27/2011 | $ 32,312.50 |
| 09-02650 | Edwards, Jennifer | 12/7/2010 | $ 5,000.00 |
| 09-02571 | HT Construction, Inc. | 6/8/2010 | $ 444,509.58 |
| 09-02660 | Mascaro-Waters, Jennifer | 7/16/2010 | $ 6,500.00 |
| 09-02596 | McDonald, Gary | 11/17/2010 | $ 40,180.00 |
| CA Court | Nissen, Alan | 2/7/2012 | $ 439,100.00 |
| 09-02704 | Sandmire, James | 6/8/2010 | $ 46,380.00 |
| 09-02714 | Taylor, Curtis & Milam, Netany | 6/27/2013 | $ 36,800.00 |
| 09-02723 | Tebbs, C. Ryan | 6/17/2010 | $ 34,000.00 |
| 09-02716 | Tebbs, Nate | 12/12/2011 | $ 17,200.00 |

# EXHIBIT A

**EXHIBIT 3**

Duane H. Gillman #1194
dgillman@djplaw.com
Penrod W. Keith #6890
pkeith@djplaw.com
**DURHAM JONES & PINEGAR, P.C.**
111 South Main Street, Suite 2400
PO Box 4050
Salt Lake City, UT 84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
      Attorneys for Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>TWIN PEAKS FINANCIAL SERVICES, INC aka KENNETH C. TEBBS *aka* MNK INVESTMENTS, INC., AND MNK INVESTMENTS,<br><br>              Debtors. | Bankruptcy Case No.<br>07-25399 RKM<br>07-25401 RKM<br>(Substantively Consolidated as 07-25399)<br><br>(Chapter 7 converted from Chapter 11) |

### ADDENDUM TO MOTION FOR ORDER AUTHORIZING AUCTION OF JUDGMENTS AND AUCTION PROCEDURES OR IN THE ALTERNATIVE THE RIGHT TO ABANDON SUCH JUDGMENTS

Duane H. Gillman, the Chapter 7 trustee of the consolidated estate of the above named Debtors ("Trustee"), by and through counsel, hereby files an addendum to the Motion for Order Authorizing Auction of Judgments and Auction Procedures or in the Alternative the Right to Abandon Such Judgments ("Motion").

After having filed the Motion, the Trustee has received significant interest on the judgments and has determined to hold an auction. In furtherance of the auction, the Trustee seeks to spend up to $1,000.00 to advertise the auction.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order on the

Motion, including this addendum authorizing him to spend up to $1,000.00 to advertise the

auction of the judgments detailed in the Motion.

DATED this 12th day of December, 2017

/s/ Penrod W. Keith
Penrod W. Keith
**DURHAM JONES & PINEGAR, P.C.**
Attorneys for Trustee